IN THE UNITED STATES DISTRICT COCURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TROY HEWES, ) | |
|     Plaintiff ) | |
| ) | |
| V. ) | No. 1:20-cv-00115-MSM-PAS |
| ) | |
| KIRKBRAE COUNTRY CLUB, ) | |
|     Defendant ) | |

## MEMORANDUM AND ORDER

Mary S. McElroy, District Judge.

    This case is before the Court on the Defendant, Kirkbrae Country Club's, Motion to Dismiss (ECF No. 5). The Defendant's Motion to Dismiss is GRANTED and the Complaint is hereby dismissed without prejudice under Fed. R. Civ. P. 12(b)(1) and (6). The Plaintiff has failed to establish jurisdiction under 28 U.S.C. §§ 1331 or 1332; he has demonstrated neither the existence of a federal question nor diversity. To the extent Mr. Hewes recites a number of federal statutes, including those prohibiting various forms of discrimination, he has failed to set forth any facts whatsoever that would establish a *prima facie* claim under any of them and, indeed, has disavowed any reliance on "discrimination" as a basis for his complaint. Instead, he asserts he is relying on "civil rights" that will be "narrowed down during discovery." (ECF No. 7, p. 3). The Federal Rules, however, do not permit a plaintiff

to set out a plethora of conclusory allegations of deprivation of rights, to be "narrowed down" (or, more appropriately, "fleshed out") at some later point. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (requiring that a "plausible claim" be apparent on the face of the Complaint); Fed. R. Civ. P. 12(b)(6).  It is clear that the Plaintiff's complaint, at least based on what he has filed in this Court, sounds in state law contract principles, and not federal law.  For these reasons, the defendant's Motion to Dismiss (ECF No. 5) is granted.

IT IS SO ORDERED:

_____
Mary S. McElroy, U.S. District Judge

May 18, 2020